UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALPHA PROPERTY & CASUALTY
INSURANCE COMPANY,

      Plaintiff,

v.                                  CASE NO. 3:14-cv-278-J-32MCR

SAID BOUASSRIA and ELIZABETH
TARTER,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Judgment ("Motion") (Doc. 40), filed March 5, 2015.  In the Motion, Plaintiff seeks entry of declaratory relief that a non-owner automobile insurance policy issued to Defendant Said Bouassria was void *ab initio*, that no coverage exists under the policy with respect to an accident which occurred on October 22, 2013, and that Plaintiff is entitled to rescission of the policy.  (*Id.* at 7-8.)  The Motion was served on Defendants on March 5, 2015.  (*Id.* at 9.)  For the reasons discussed herein, it is respectfully recommended that the Motion be **GRANTED**.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1); M.D. Fla. R. 6.02(a).  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

I.     Background

Accepting the allegations in Plaintiff's Amended Complaint as true, the following provides a brief summary of this case. On July 24, 2013, Mr. Bouassria completed an application for a non-owner automobile insurance policy.[2] (*Id.* at ¶ 17.) In the application, Mr. Bouassria was asked to list all vehicles owned by him, and confirm that all such vehicles were listed. (*Id.*) Mr. Bouassria's completed application listed only one automobile, a 1992 two-door coupe, and indicated all vehicles owned by him were listed.[3] (Doc. 31-2 at 1.) Based on the representations in the application, Plaintiff issued a non-owner policy which remained in effect from July 24, 2013 to January 24, 2014. (*Id.* at ¶ 18.)

At least six days prior to issuance of the subject policy, Mr. Bouassria obtained title to a 2004 Nissan Sentra. (Doc. 31 at ¶ 11.) On October 22, 2013, Mr. Bouassria was involved in an automobile accident in which Ms. Tarter struck the rear-end of his Sentra while it was stopped on Interstate 10 due to mechanical difficulties. (*Id.* at ¶ 12.) Mr. Bouassria and Defendant Tarter each sustained injuries from the accident. (*Id.* at ¶ 13.) Ms. Tarter has made or will make claims against Mr. Bouassria in connection with the accident. (*Id.* at ¶ 13.) Mr. Bouassria has submitted a claim for PIP and UM benefits under his non-

---

[2] A copy of the policy is attached to the Amended Complaint as Exhibit A. (*See* Doc. 31-1.) A copy of the application is attached as Exhibit B. (*See* Doc 31-2.)

[3] Plaintiff alleges that the 1992 two-door coupe listed on the subject policy is a "dummy vehicle" used by the insurer as a placeholder in non-owner's policies. The 1992 two-door coupe is not a vehicle owned by Mr. Bouassria. (*See* Doc. 31.)

owner policy with Plaintiff. (*Id.* ¶ 14.) However, Mr. Bouassria failed to disclose ownership of the 2004 Sentra in his application. (*Id.* at 5.)

Plaintiff filed its Amended Complaint (Doc. 31) on December 12, 2014. Count I of the pleading seeks an order declaring the non-owner automobile insurance policy was void *ab initio* due to misrepresentations contained in Mr. Bouassria's application for coverage. (Doc. 31 at 5-6.) Count II seeks rescission of the subject policy. (*Id.* at 6-7.) Count III seeks a declaration that Plaintiff has no duty to defend or indemnify Mr. Bouassria with respect to claims asserted against him arising out of the October 22, 2013 accident, that the policy does not provide PIP coverage with respect to the accident, and that the policy does not provide UM coverage with respect to the accident. (*Id.* at 7-8.) Plaintiff executed service of process on Defendants Bouassria and Tarter on January 1, 2015 (Docs. 35 & 36). Defendants failed to respond to the pleading, and the Clerk entered default against them on January 26, 2015. (*See* Doc. 39.) On March 5, 2015, Plaintiff filed the instant Motion requesting the Court enter default judgment against Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure.

**II.   Standard**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk is authorized to enter a clerk's default

against the defendant. *See* Fed. R. Civ. P. 55(a). Second, and in general, after receiving the clerk's default, the court, or in some instances, the clerk, may enter a default judgment against the defendant for not appearing. *See* Fed. R. Civ. P. 55(b). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." *Salaroll Shade & Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).

All well-pled allegations of fact are deemed admitted upon entry of default, but before entering a default judgment, the court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted). A sufficient basis must exist in the pleadings for the judgment entered. *See Nishimatsu*, 515 F.2d at 1206. A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *See id.; see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating "facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment.").

Rule 8 provides a complaint must include (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain

statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief.  *See* Fed. R. Civ. P. 8(a).  A complaint meets the requirements of Rule 8, if in light of the nature of the action, the complaint provides factual allegations which, if assumed to be true, are sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

### III.   Discussion

Plaintiff requests the Court enter final default judgment declaring the non-owner automobile insurance policy issued to Mr. Bouassria was void *ab initio*, that Plaintiff is entitled to rescission of the policy, and that no coverage exists with respect to the accident which occurred on October 22, 2013.  (*See* Doc. 40 at 7-8.)  Prior to entry of default judgment, the Court must determine that it has jurisdiction, and that the pleadings adequately state a valid claim for relief.  *Nishimatsu*, 515 F.2d at 1206.  Additionally, the Court must ensure Plaintiff properly executed service of process on Defendants,[4] and complied with the

---

4  Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, service may be executed on an individual by delivering a copy of the summons and complaint to the individual personally, or leaving a copy of each at the individual's dwelling with someone of suitable age and discretion who resides there.  Here, service of process was executed by a professional process server who delivered a copy of Plaintiff's Amended Complaint and a summons to both Mr. Bouassria and Ms. Tarter personally.

requirements of the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. §§ 501 *et seq.*[5]

### A. Jurisdiction

As an initial matter, this case is properly before the Court under its diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff, a corporation, is a citizen of Wisconsin, the state where it was incorporated and has its principal place of business. 28 U.S.C. §1332(c). Plaintiff alleges Defendants Bouassria and Tarter are both citizens of Florida. (Doc. 31 at 2.) Finally, Plaintiff alleges the amount in controversy exceeds $75,000 exclusive of interest, costs, and fees because it is reasonably believed that Defendants' claims for injuries sustained in the automobile accident exceed this amount. (*Id.* at 1-2.) Based on Plaintiff's well-pled allegations, the Court has diversity jurisdiction over this case.

### B. Claim for Relief

In Florida, interpretation of a contract is governed by the law of the jurisdiction in which the contract was executed. See *Prime Ins. Synd. v. B.J.*

---

(*See* Docs. 34 & 36). Therefore, service of process was properly executed on Defendants.

[5] Under the SCRA, prior to entry of default judgment, a district court must require the plaintiff to file an affidavit stating whether or not the defendant is in military service, or that the plaintiff is unable to determine whether the defendant is in military service. *See* 50 U.S.C. app. § 521(b)(1). Here, Plaintiff has submitted two notarized affidavits (Docs. 24 & 25) stating that based on searches conducted of the United States Department of Defense Manpower Data Center ("DMDC") website, neither Mr. Bouassria nor Ms. Tarter are in military service. Therefore, the undersigned finds Plaintiff has complied with the SCRA. *See United States v. Tognoli*, 2011 WL 2173853, at *2 (M.D. Fla. Apr. 8, 2011) *report and recommendation adopted*, 2011 WL 2173850 (M.D. Fla. June 2, 2011) (finding plaintiff satisfied the SCRA by conducting a search of the DMDC website).

*Hadley Trucking, Inc.,* 363 F.3d 1089, 1091 (11th Cir. 2004).  Plaintiff alleges the insurance policy at issue in this case was executed in Florida.  (*See* Doc. 31 at ¶ 16.)  Accordingly, the policy is governed by the laws of the state of Florida.

With respect to misrepresentations made in applications for insurance, Section 627.409 of the Florida Statutes provides:

> (1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy . . . is a representation and not a warranty.  Except as provided in subsection (3), a misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:
>
> (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material to the acceptance of the risk or to the hazard assumed by the insurer.
>
> (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

Fla. Stat. § 627.409(1).  *See also New York Life Ins. Co. v. Nespereira*, 366 So. 2d 859, 861 (Fla. Dist. Ct. App. 1979) ("The law is well settled that if the misrepresentation[s] of the insured were material to the acceptance of the risk by the insurer or, if the insurer in good faith would not have issued the policy under the same terms and premium, then rescission of the policy by the insurer is proper.").  A misrepresentation need not be made knowingly in order to void an

insurance policy.  *See Cont'l Assur. Co. v. Carroll*, 485 So. 2d 406, 408 (Fla. 1986).

To invoke the protections of Section 726.409, Plaintiff must first establish that a misrepresentation, omission, concealment of fact, or incorrect statement was contained in the insured's application for coverage.  *See William Penn Life Ins. Co. of New York v. Sands*, 912 F.2d 1359, 1362 (11th Cir. 1990).  Here, Plaintiff alleges Mr. Bouassria made such a misrepresentation by failing to disclose his ownership of the 2004 Nissan Sentra involved in the accident with Ms. Tarter although Mr. Bouassria obtained title to the vehicle at least six days prior to the date on which he applied for coverage, and representing that all vehicles owned by him were included in his application. (Doc. 31 at ¶ 24.)  In support of this claim, Plaintiff has provided a copy of Mr. Bouassria's application. (*See* Doc. 31-2.)  Consistent with Plaintiff's allegations, the application does not include a 2004 Nissan Sentra as a vehicle owned by Mr. Bouassria, yet indicates that all automobiles owned by him were listed in the document.[6]  (*Id.* at 1-2.) Based on Plaintiff's well-pled allegations and review of Mr. Bouassria's application, Plaintiff has established a misrepresentation within the meaning of Section 627.409.

Plaintiff also alleges that Mr. Bouassria's ownership of the 2004 Sentra was material to the risk assumed in issuing the subject policy.  (Doc. 31 at ¶¶ 25, 26, 28, 33, 34.)  In support of this claim, Plaintiff has submitted affidavits prepared by

---

[6] In addition, it appears Mr. Bouassria indicated he did not desire PIP or UM coverage, and initialed statements disclaiming this coverage.  (*See* Doc. 31-2 at 1.)

Ms. Amela Travancic, the agent who issued the policy. (*See* Docs. 31-4, 31-5.) Ms. Travancic advises that she met with Mr. Bouassria on or about July 24, 2013, the date he purchased the subject policy. (Doc. 31-5 at ¶ 3.) Ms. Travancic represents that during the meeting, Mr. Bouassria was advised that he was purchasing a non-owner policy, Mr. Bouassria acknowledged he was purchasing such a policy, and represented that he did not own a motor vehicle. (Doc. 31-5 at ¶ 5.) Ms. Travancic further represents the non-owner policy would not have been issued to Plaintiff had his ownership of the 2004 Sentra been disclosed. (*Id.* at ¶ 9.) Based on Plaintiff's well-pled allegations and the representations of Ms. Travancic, Mr. Bouassria's ownership of the 2004 Nissan Sentra was material to the risk assumed by Plaintiff in issuing the non-owner insurance policy. *See Mims v. Old Line Life Ins. Co. of Am.,* 46 F. Supp. 2d 1251, 1260-61 (M.D. Fla. 1999) ("An insurer may establish the materiality of misrepresentations through the affidavit of an underwriter.").

    Because Plaintiff's well-pled allegations and supporting documents establish a misrepresentation which was material to the risk assumed in issuing the subject policy, Plaintiff is entitled to rescission of the policy and declaratory relief that it was void *ab initio*. *See Infinity Auto Ins. Co. v. Farfan-Correa*, 2011 WL 1520011, at *2 (M.D. Fla. Mar. 28, 2011) *report and recommendation adopted*, 2011 WL 1519970 (M.D. Fla. Apr. 20, 2011) (recommending entry of

default judgment declaring an automobile insurance policy void where it was alleged that the defendant misrepresented the location of his residence and that the plaintiff would not have issued the policy had it been aware of the misrepresentation). As the subject policy is void, Plaintiff is further entitled to declaratory relief that it is not required to defend or indemnify Mr. Bouassria with respect to claims arising from the October 22, 2013 accident, that the policy does not provide PIP coverage with respect to the accident, and that the policy does not provide UM coverage with respect to the accident. *See id.*

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

1. The Motion (Doc. 40) be **GRANTED**.

2. The Court issue a declaratory judgment that the non-owner automobile insurance policy issued to Defendant Bouassria was void *ab initio*, and therefore Plaintiff is entitled to rescission of the policy, has no duty to defend or indemnify Mr. Bouassria with respect to claims arising from the October 22, 2013 accident, has no duty to provide UM coverage with respect to the accident, and has no duty to provide PIP coverage with respect to the accident.

**DONE and ENTERED** in Jacksonville, Florida on April 22, 2015.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Said Bouassria
757 Beach Blvd. #1603
Jacksonville, Florida 32216

Elizabeth Grace Tarter
7527 Canary Road
Jacksonville, Florida 32219

Elizabeth Grace Tarter
5051 Normandy Blvd.
Jacksonville, Florida 32205

11